**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  AMERICAN MEDICAL SYSTEMS, INC.
          PELVIC REPAIR SYSTEMS
          PRODUCT LIABILITY LITIGATION         MDL No. 2325

-----------------------------------------------------------------
THIS ORDER RELATES ONLY TO CIVIL ACTION:

**Maria Ordonez, et al. v. AMS, Inc.**       **2:12-cv-09084**

**MEMORANDUM OPINION and ORDER**

    Pending is the motion of American Medical Systems, Inc. ("AMS") to compel the deposition of Dr. Shlomo Raz and to set a reasonable deposition fee. (ECF No. 18). According to the certificate of service, AMS served counsel for Dr. Raz with a copy of the motion, by mail, on March 3, 2017. (*Id.* at 2). Hence, the time allotted for filing a response in opposition to the motion has expired, and no response has been filed. Accordingly, AMS's motion to compel the deposition of Dr. Raz is **GRANTED**. For the reasons set forth below, the undersigned further **ORDERS** AMS to pay Dr. Raz an hourly fee of $500 for the time he spends at deposition.

**I.**    **Relevant Facts**

    Plaintiffs, Maria and Rudolfo Ordonez, have filed suit against AMS, claiming injuries related to transvaginal mesh manufactured and distributed by AMS. Dr. Shlomo Raz is one of Maria Ordonez's treating physicians. Dr. Raz allegedly performed surgery on Ms. Ordonez to remove the transvaginal mesh at issue in this case.  Consequently, AMS issued a notice of deposition to obtain the testimony of Dr. Raz and served him

1

with a subpoena to appear at a designated place and time.[1] Prior to the scheduled date of the deposition, Dr. Raz's office contacted AMS and advised that Dr. Raz would not appear for the deposition unless he was paid $3,500 per hour for his time. When AMS refused to pay that amount, arguing that it was excessive, Dr. Raz involved his counsel, Ms. Jane Lennon. Ms. Lennon communicated with AMS, reiterating Dr. Raz's insistence that he be paid an hourly deposition fee of $3,500. Ms. Lennon argued that Dr. Raz was entitled to a "reasonable and customary" deposition fee under California's Code of Civil Procedure, and Dr. Raz customarily received the $3,500 hourly fee he demanded from AMS. When the dispute could not be resolved, AMS filed the instant motion.

## II.    <u>Jurisdiction</u>

Fed. R. Civ. P. 45(g) allows a court in the district where compliance with a subpoena is required to hold in contempt an individual, who having been served, fails without adequate excuse to obey the subpoena or an order related to it. If a motion under Rule 45 has been transferred from the court where compliance is required to the court that issued the subpoena, then the issuing court may enforce the subpoena. Fed. R. Civ. P. 45(f). In this case, AMS originated its motion to compel in this court—the issuing court—rather than in the court where compliance with the subpoena is required. While such a deviation from the Rule would generally result in a denial of the motion, it does not in this circumstance, because the Ordonezes' case is part of a multidistrict litigation ("MDL"). *See* 28 U.S.C.A. § 1407 (stating that "a judge or judges to whom such [multidistrict] actions are assigned by the judicial panel on multidistrict litigation ... may exercise the powers of a district judge in any district for the purpose of conducting

---

[1] The copy of the subpoena supplied to the Court does not verify service upon Dr. Raz. However, Dr. Raz has not disputed AMS's representation that he was served with the subpoena.

pretrial depositions in such coordinated or consolidated pretrial proceedings."); *see, also, U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 274 (D.D.C. 2002) (collecting cases in which courts agree that an MDL judge is empowered by statute to enforce subpoenas and adjudicate MDL deposition disputes in other districts); *In re Accutane Prod. Liab. Litig.*, No. 804MD2523T30TBM, 2006 WL 1000311, at *2 n. 3 (M.D. Fla. Apr. 14, 2006) (noting that the "statutory grant of power to a MDL judge to act as judge of any district for pretrial depositions" necessarily extends to the power to enforce a subpoena duces tecum issued by another district court); *In re Neurontin Marketing, Sales Practices, and Product Liability Litigation,* 245 F.R.D. 55, 58 (D. Mass. 2007) (holding that "the rationale underlying the MDL statute of 'just and efficient' resolution of pretrial proceedings requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas.") (quoting *U.S. ex rel. Pogue,* 444 F.3d at 469 n.4). Thus, the court presiding over a MDL "may compel production by an extra-district nonparty; enforce, modify, or quash a subpoena directed to an extra-district nonparty; and hold an extra-district nonparty deponent in contempt, notwithstanding the nonparty's physical situs in a foreign district where discovery is being conducted." *Id.* (quoting *U.S. ex rel. Pogue,* 444 F.3d at 468-69).

## III.    Dr. Raz's Entitlement to a "Reasonable" Deposition Fee

As AMS points out, the law is not well established as to whether Dr. Raz is entitled to a deposition fee in excess of the statutorily mandated $40-per-day fee. Some federal courts have addressed the issue and concluded that treating physicians are entitled to no more than the daily fee paid to any non-retained witness testifying in a federal case. *See Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS-CHL, 2016 WL 3094031, at

*5 (W.D. Ky. June 1, 2016) (concluding that "the deposition of Dr. Lewis, a non-retained expert and treating physician, would be completed in one day, so a one-day fee of $40 was sufficient."); *Korhonen v. Sentinel Ins. Ltd.*, No. 2:13-CV-00565-RCJ, 2015 WL 2185365, at *6 (D. Nev. May 8, 2015) (holding that "Plaintiffs' treating physicians are percipient witnesses and are not entitled to expert fees for their depositions."); *McDermott v. FedEx Ground Sys., Inc.*, 247 F.R.D. 58 (D. Mass. 2007) ("[P]laintiff's treating physician who was not specifically designated an expert witness ... was not entitled to compensation for attending deposition noticed by defendants as an expert witness under 'reasonable fees' calculation of expert witness rule, but was only entitled to compensation under the statute governing compensation for deposing ordinary 'fact' witnesses"); *Zanowic v. Ashcroft,* 2002 WL 826878 (S.D.N.Y. Apr.30, 2002) (finding that treating physician was not entitled to fees other than those prescribed by 28 U.S.C. § 1821). In contrast, some courts have held that the expert nature of a treating physician's testimony entitles the physician to a deposition fee in excess of that paid to a fact witness. *See Maxwell v. Becker*, No. 12-CV-00864S F, 2015 WL 4872137, at *5 (W.D.N.Y. Aug. 13, 2015), *report and recommendation adopted,* No. 12-CV-864S, 2015 WL 5793403 (W.D.N.Y. Sept. 30, 2015) ("In this district, however, courts have recognized that treating physicians, even when not testifying as a specially retained expert, are entitled to reasonable compensation rather than the statutory $ 40 per day fee."); *Johnson v. Kraft Foods North America*, No. 05–2093–JWL–DJW, 2007 WL 734956, at *3 (D. Kan. March 7, 2007) (holding that "the testimony of a treating physician is entitled to his or her 'reasonable fee' because such physician's testimony will necessarily involve scientific knowledge and observations that do not inform the testimony of a simple 'fact' or 'occurrence' witness.") (citations omitted).

4

Here, the undersigned need not determine whether Dr. Raz is entitled to more than the $40-per-day fee, because AMS is not opposed to paying him a "reasonable" hourly rate for his deposition. Rather, AMS objects to the amount of the fee demanded by Dr. Raz. According to AMS, it has scheduled approximately forty depositions of treating physicians in this wave of the MDL and, in all but two cases, the treating physician has agreed to a deposition fee of $500 per hour. In the other two case, AMS paid $650 per hour.

## IV.    Reasonable Fee

When determining a reasonable fee for expert witness testimony, federal courts have typically considered a number of factors, including:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*First S. Bank v. Fifth Third Bank, N.A.*, No. CIV.A. 7:10-2097-MGL, 2014 WL 3868000, at *4 (D.S.C. Aug. 6, 2014), *aff'd sub nom. First S. Bank v. Fifth Third Bank NA*, 631 F. App'x 121 (4th Cir. 2015) (quoting *Adams v. Memorial Sloan Kettering Cancer Center,* 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002)). "The party seeking reimbursement of [its] expert witness fees has the burden of demonstrating to the court that the expert's rate and fee are reasonable." *Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc.*, 873 F. Supp. 2d 939, 955 (N.D. Ill. 2012). "A guiding principle is that the expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert." *Maxwell v. Stryker Corp.*, No. 11-CV-01524-REB-KMT, 2012 WL

2319092, at *2 (D. Colo. June 19, 2012). Furthermore, the court should not overlook that the deposition demands placed on a retained expert witness differ from those experienced by a treating physician testifying about the care of his patient. *See Axelson v. Hartford Ins. Co. of the Midwest*, No. 2:11-CV-01827-RCJ, 2013 WL 1261757, at *2 (D. Nev. Mar. 26, 2013) ("Arguably, the reasonable hourly rate may be different if the physician is merely deposed about his examination findings, diagnosis and treatment rendered during the ordinary course of providing patient care.")

In this case, Dr. Raz has provided no information relative to the factors listed above and has made no effort to justify his $3,500 per hour fee. While he claims that other individuals have been willing to pay him $3,500 per hour, that fact, alone, does not establish the reasonableness of his deposition rate. On the other hand, AMS has provided evidence that the customary hourly fee being charged in this MDL is $500. Moreover, a review of the relevant case law indicates that $500 per hour is within the range of reasonable payment for a treating physician's testimony. *See Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 208 (E.D.N.Y. 2015) (finding an hourly deposition fee of $400 to be consistent with compensation made to other expert orthopedic surgeons); *Roca Labs, Inc. v. Consumer Opinion Corp.*, No. 8:14-CV-2096-T-33EAJ, 2015 WL 12844308, at *2 (M.D. Fla. July 23, 2015) (hourly fee of $500 was reasonable for internal medicine specialist providing expert witness testimony); *Patterson v. Avis Rent A Car Sys., Inc.*, 48 F. Supp. 3d 534, 534–35 (S.D.N.Y. 2014) (finding that $650 hourly fee was appropriate for treating physician designated as an expert witness); *Clossin v. Norfolk S. Ry. Co.*, No. CIV.A. 3:13-01, 2014 WL 3339588, at *2 (W.D. Pa. July 8, 2014) (holding that physician's requested fee of $4000 for first hour of deposition was unreasonable and finding that $1,500 for first three hours, or any part

6

therof, was reasonable); *Duke v. Performance Food Grp., Inc.*, No. 1:11CV220-MPM-DAS, 2014 WL 370442, at *7 (N.D. Miss. Feb. 3, 2014) (finding that a $300.00 per hour fee charged by treating physician was reasonable); *Burgess v. Fischer,* 283 F.R.D. 372, 373 (S.D. Ohio 2012) (finding expert doctor's flat fee of $2,000 for deposition unreasonable and setting reasonable deposition fee at $360 per hour, which was the doctor's regular billing rate); *Maxwell v. Stryker Corp.*, 2012 WL 2319092, at *3 (finding a fee not to exceed $750 per hour was reasonable for an orthopedic surgeon's testimony); *Cartrette v. T & J Transp., Inc.*, No. 3:10-CV-277-J-25MCR, 2011 WL 899523, at *2 (M.D. Fla. Mar. 15, 2011) (Court rejected treating physicians' request for a deposition fee of $1500 per hour, stating that the '"obligation born by all citizens to give relevant testimony' dictates they do so at a rate less than they may charge for expert testimony in cases where they have no treating relationship. Accordingly, the Court finds a fee of $400 per hour to be reasonable.").

**V.    Conclusion**

Therefore, based on AMS's representation that Dr. Raz has not been identified or specially retained as an expert witness; the representation that a majority of the other treating physicians in the MDL have accepted $500 per hour as a deposition fee; the relevant case law; and the lack of any information to the contrary offered by Dr. Raz, the undersigned concludes that AMS should be permitted to depose Dr. Raz in his role as plaintiff's treating physician and should pay him a reasonable deposition fee of $500 per hour.  Thus, AMS's motion is **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record and to counsel for Dr. Shlomo Raz, Ms. Jane Lennon, Law Offices of Jane Lennon, 1015

Sunnyhills Road, Oakland, CA 94610.

**ENTERED:** March 21, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge